# Exhibit A

Filing # 192444035 E-Filed 02/21/2024 03:22:40 PM

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

### GENERAL JURISDICTION DIVISION

CASE NO: _____

**RICKEY MARTIN,** on behalf of himself and others similarly-situated,

**Plaintiff,**

v.

**LENS.COM, INC.**

**Defendant.**

_____/

**CLASS ALLEGATIONS**

## CLASS ACTION COMPLAINT

Plaintiff RICKEY MARTIN ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class Action against Defendant, Lens.com, Inc. ("Defendant"), for unlawful, unfair, and deceptive business practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), FLA. STAT. § 501.201, *et seq.*, among other claims. Plaintiff, by and through his counsel, complains and alleges upon information and belief based upon, among other things, the investigation made by Plaintiff and through his attorneys, as follows:

### NATURE OF THE CASE

1. This case exposes Defendant's unfair and deceptive practices, where it deliberately misled Plaintiff and the putative class of Florida consumers by imposing a fee under a guise suggesting one purpose, while in reality, it served an undisclosed and entirely different purpose at the point of sale.

2. This proposed consumer class action seeks all legal and equitable relief available from Defendant arising from its false, misleading, unfair, and deceptive conduct in charging a deceptive and misleading fee to Plaintiff and the putative class of Florida consumers who purchased corrective contact lenses through Defendant's website (https://www.lens.com/). At online checkout, Defendant charges the consumer an additional line-item amount for a charge it labels "Taxes & Fees," which can increase the amount consumers pay for contact lenses by nearly 50%. However, the State of Florida exempts prescription contact lenses from sales tax. Thus, Defendant wrongfully charges consumers for a tax they do not owe. Even worse, the charge labeled as "Taxes & Fees" entirely consists of a "Processing" fee, which is excessive and unrelated to the actual costs of processing the purchase order. The existence of the "Processing" fee is only revealed to consumers if they specifically request a "Full receipt" from Defendant's customer service, and only _after_ the transaction has been completed. Misleading Florida customers into thinking they are being charged taxes, while actually charging them a 100% "Processing" fee, constitutes unfair and deceptive practices in violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), and justifies other legal and equitable relief.

3. As a result of Defendant's conduct, Plaintiff and the proposed class have suffered damages. Lured by Defendant's misleadingly low lens prices, Plaintiff and Florida consumers were coerced into paying fees they would not have paid had the true, deceitful nature of those charges been transparently disclosed. This deceptive practice has persisted for years, defrauding Florida consumers out of hundreds of thousands of dollars. Defendant must be prohibited from further exploiting and profiting from the misleading of consumers like the Plaintiff and the putative class.

2

## PARTIES

4. Plaintiff Rickey Martin is and, at all times relevant hereto, was a citizen residing in Sunrise, Broward County, Florida. Plaintiff purchased contact lenses from Defendant's website while located in Broward County, Florida and had them delivered to his residence in this county.

5. Defendant, Lens.com, Inc., is a corporation organized and existing under the laws of the State of Nevada with its headquarters located at 4730 S. Fort Apache Rd Suite 300, Las Vegas, Nevada 89147-7947. On information and belief, Defendant created and/or authorized the false, misleading, and deceptive conduct complained of herein. Moreover, Defendant, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of Florida.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this matter because all the actions complained of herein occurred in Broward County, Florida and the Defendant has and does conduct business in this county.

7. This Court has personal jurisdiction over Defendant because Defendant intentionally avails itself of the markets within this county by advertising, selling, and delivering its products to residents of this county through e-commerce channels. Defendant has such minimum contacts with this county that, under the circumstances, it would be fair and reasonable to require Defendant to come to this county and defend this action.

8. Venue is proper in this Court because Defendant intentionally avails itself of the markets within this state and county so as to render the exercise of jurisdiction by this Court just and proper. Plaintiff purchased products from Defendant while present in this county and had

them delivered here; thus, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this county.

9. Plaintiff makes no claims under federal law. Additionally, no individual claim of the named Plaintiff or any putative class member exceeds $74,999.00; and upon information and belief, the total amount in controversy for the entire putative class is less than $5,000,000.

## COMMON FACTUAL ALLEGATIONS

10. Defendant sells corrective contact lenses online through its website. To attract consumers to its website, Defendant distributes advertisements on Google and other online search engines prominently advertising its prices for contact lenses.

11. Defendant advertises artificially low prices for its contact lenses that lure consumers to its website. Defendant then gouges consumers with a misleading added fee, which oftentimes raises the actual price Defendant charges for contact lenses almost 50% over the price it advertises. The deception occurs after the consumer selects their products for purchase, fills in their prescription, doctor, and account information, completes the process to obtain a rebate from Defendant, and arrives at their online "Shopping Cart." An example is shown below:



4

12. When a consumer clicks on the "Go To Checkout" box on this screen, they are presented with a page prompting them to either sign into their account or provide their shipping information. The below picture is a true and accurate representation of what a consumer would see on a normal computer using a normal web browser when he or she arrived at this web page:



(without scrolling down on the page).

13. If the consumer enters their shipping information and clicks "Continue," the consumer will move on to a page asking for payment information. This page is designed deceptively in that the typical consumer will fill in the information required and click "Continue" to proceed with the order process. Defendant designed the page in such a way that a typical consumer would not scroll down and see the "Order Summary," otherwise it would not place "Continue" link in a position where the "Order Summary" is not seen. However, if the consumer scrolls down this page before clicking "Continue," the consumer will be presented with an "Order Summary" as shown below:

5



14. In the above Order Summary, the consumer is shown a per box price that matches the advertised price, but the order summary also shows that: (1) the consumer will be charged a "Subtotal" amount of almost 50% more than the advertised price and will only net the advertised price after completing a mail-in rebate; and (2) the consumer will be charged a vague line-item for "Taxes & Fees" that dramatically increases the amount the consumer will pay, even after the mail-in rebate.

15. If the consumer scrolls down past the "Continue" button and notices the revised order summary and notices the "Taxes & Fees" line-item, the consumer can click on an *i*-link button that purportedly will provide them additional information as to what the "Taxes & Fees" entail. The *i*-link button tells the consumer that "Taxes are tax recovery charges for tax obligations where applicable and the fees are compensation for servicing your order." The disclosure is misleading, unfair, and deceptive because, in truth, the State of Florida does not impose a sales tax on the purchase prescription contact lenses. The charge labeled as "Taxes & Fees" is entirely a "Processing" fee, which Defendant only disclosed when a customer requests and receives a "Full Receipt" from the Defendant's customer service, and that too <u>after</u> the sale

6

and payment have been finalized.

16. If the consumer presses "Continue" to move on the following page, the consumer is presented with a form to complete their payment information, as well as a second version of an Order Summary, as shown on the screen below. This Order Summary has the same "Order Total" and "Total After Rebate" numbers as the previous version that the consumer would only see if they scrolled down past the "Continue" button but does not separately identify the "Taxes & Fees" that Defendant is adding onto the order.



17. Whether or not consumers only review this Order Summary screen, rather than the previous one that breaks out the "Taxes & Fees" line-item separately, the charge almost doubles the amount the consumer should be paying based on the advertised prices. This amount

7

greatly exceeds any reasonable tax owed on the purchase (which is $0), and Defendant does not attempt to clarify which taxes or fees are included in this cost. The reason is that this amount does not actually correspond to a tax on the purchased lenses or a charge for any given service. Instead, it is a fabricated expense Defendant adds to inflate the price. Unfortunately, consumers remain unaware of this deceit at the point of sale.

18. Defendant therefore misleads even those consumers who click on the "Taxes and Fees" *i*-link by representing the fee it charges is related to taxes and the costs of servicing Plaintiff's and the putative classes' order. In fact, Defendant never discloses to purchasers that the fee it assesses upon purchase is purely a profit generator. These material facts were not disclosed to Plaintiff or the putative class.

19. Furthermore, even if Defendant disclosed to Plaintiff and the putative class the fact that the "Taxes & Fees" charge is entirely a "Processing" fee at the point of sale (which it does not), the fee is still unfair and deceptive. Defendant's "Processing" fee does not relate to the actual operational costs associated with processing the order. And even if it were somehow related to these costs, it is excessive, as the amount collected as a "Processing" fee far outweighs the actual costs of processing the order. These material facts were not disclosed to Plaintiff or the putative class.

### PLAINTIFF RICKEY MARTIN

20. On January 6, 2021, Plaintiff found contacts for purchase at the Defendant's website and went through the extensive order process as described, *supra*. He placed Order Number #: 1895146291 consisting of 4 boxes of contacts at a price of $79.96. After placing the Order, Plaintiff received a receipt showing an un-itemized "Subtotal" of $92.71 plus a $7.95 shipping charge for a "Total" of $100.66. Plaintiff paid the "Total" of $100.66. Clicking the *i*-

8

link "Subtotal" button reveals that the $92.71 "Subtotal" contained a separate line-item charge of $12.75 for "Taxes & Fees."

21.     On March 19, 2021, Plaintiff placed Order Number #: 1694007434 consisting of 8 boxes of contacts at a price of $159.92. After placing the Order, Plaintiff received a receipt showing an un-itemized "Subtotal" of $185.43 plus a $7.95 shipping charge for a "Total" of $193.38. Plaintiff paid the "Total" of $193.38. Clicking the *i*-link "Subtotal" button reveals that the $185.43 "Subtotal" contained a $25.51 charge for "Taxes & Fees."

22.     On May 23, 2021, Plaintiff placed Order Number #: 1927595869 consisting of 4 boxes of contacts at a price of $143.56. After placing the Order, Plaintiff received a receipt showing an un-itemized "Subtotal" of $183.52 plus a $7.95 shipping charge for a "Total" of $191.47. Plaintiff paid the "Total" of $191.47. Clicking the *i*-link "Subtotal" button reveals that the $183.52 "Subtotal" contained a $39.96 charge for "Taxes & Fees."

23.     On August 10, 2021, Plaintiff placed Order Number #: 1826235164 consisting of 4 boxes of contacts at a price of $151.96. After placing the Order, Plaintiff received a receipt showing an un-itemized "Subtotal" of $191.92 plus a $7.95 shipping charge for a "Total" of $199.87. Plaintiff paid the "Total" of $199.87. Clicking the *i*-link "Subtotal" button reveals that the $151.96 "Subtotal" contained a $39.96 charge for "Taxes & Fees."

24.     On October 26, 2021, Plaintiff placed Order Number #: 1214916529 consisting of 4 boxes of contacts and solution at a price of $172.93. After placing the Order, Plaintiff received a receipt showing an un-itemized "Subtotal" of $212.89 plus a $7.95 shipping charge for a "Total" of $220.84. Plaintiff paid the "Total" of $220.84. Clicking the *i*-link "Subtotal" button reveals that the $212.89 "Subtotal" contained a $39.96 charge for "Taxes & Fees."

25.     The Plaintiff was misled into paying the charge labeled "Taxes & Fees" for all the

aforementioned transactions. In reality, this charge was entirely a "Processing" fee. The existence of this fee is only disclosed to Plaintiff and consumers after the completion of the transaction, when Defendant emails a "Full Receipt." At the point of purchase, neither the Plaintiff nor any potential class members had any way of knowing that the "Taxes & Fees" charge was not as it was represented.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and a Class of similarly situated persons as follows:

> All Florida residents and consumers who, within the applicable statute of limitations preceding the filing of this action to the date of class certification, purchased products from Defendant and paid a charge labeled "Taxes & Fees" (known to Defendant as a "Processing" fee).

27. Excluded from the Class are Defendant, any entities in which it has a controlling interest, any of its parents, subsidiaries, affiliates, officers, directors, employees and members of such persons' immediate families, any person in bankruptcy, and the presiding judge(s) in this case and its staff.

28. Plaintiff reserves the right to expand, limit, modify, or amend this class definition, including the addition of one or more subclasses, in connection with his motion for class certification, or at any other time, based upon, *inter alia*, changing circumstances and/or new facts obtained during discovery.

29. **Numerosity**: At this time, Plaintiff does not know the exact size of the Class; however, due to the nature of the trade and commerce involved, Plaintiff believes that the number of Class members is in excess of forty and into the thousands, and thus are so numerous that joinder of all members is impractical. The number and identities of Class members is

administratively feasible and can be determined through appropriate discovery in the possession of Defendant.

30. **Commonality**: There are questions of law or fact common to the Class, which include, but are not limited to the following:

   a. Whether Defendant's alleged misconduct deceived or had the tendency to deceive consumers;

   b. Whether Defendant's alleged conduct constitutes violations of the laws asserted;

   c. Whether the "Taxes & Fees" charge is deceptive and unfair when Plaintiff and the putative class were not charged any taxes on the products they purchased;

   d. Whether the "Taxes & Fees" charge is deceptive and unfair when it was in actuality a 100% "Processing" fee;

   e. Whether the "Processing" fee is deceptive and unfair as it was excessive and not related to the actual costs of processing the purchase orders.

   f. Whether Plaintiff and members of the Class were harmed by Defendant's unfair, unlawful, deceptive, and misleading conduct;

   g. Whether Defendant breached its contract with Plaintiff and the putative class by charging the deceptive, unfair and fraudulent fee at issue;

   h. Whether Plaintiff and the putative class were harmed by Defendant's breach of contract;

   i. Whether Defendant was unjustly enriched by charging Plaintiff and the putative class the deceptive, unfair and fraudulent fee at issue;

   j. Whether Plaintiff and the putative class were harmed by Defendant's unjust enrichment; and

   k. Whether an injunction is necessary to prevent Defendant from continuing to deceptively charge the fee at issue.

31. **Typicality**: Like Plaintiff, many other consumers ordered products from Defendant's website based on Defendant's deceptive advertisements. Plaintiff's claims are typical of the claims of the Class because Plaintiff and each Class member were injured by

Defendant's false and/or misleading advertising. Plaintiff and the Class have suffered the same or similar injury as a result of Defendant's false, deceptive, and misleading representations. Therefore, Plaintiff's claims are typical of the claims of the Class and class treatment is appropriate.

32. **Adequacy of Representation**: Plaintiff is committed to pursuing this action and has retained competent counsel who is experienced in prosecuting and resolving consumer class actions. Plaintiff will fairly and adequately represent the interests of the Class and does not have any interests adverse to those of the Class.

33. **Superiority**: The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy. The likelihood that individual members of the Class will prosecute separate actions is remote because the damages or other financial detriment suffered by individual Class Members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against Defendant.

## CAUSES OF ACTION

### COUNT ONE
### CLAIM FOR DAMAGES AND INJUNCTIVE RELIEF UNDER THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
### FLA. STAT. § 501.201, *et seq.*

34. Plaintiff adopts and re-alleges all paragraphs in this Complaint as if fully set forth herein.

35. The Florida Deceptive and Unfair Trade Practices Act (FDUTPA), FLA. STAT. § 501.201, *et seq.* prohibits "unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce."

36. The purpose of FDUTPA is "to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." FLA. STAT. § 501.202.

37. Plaintiff is a "consumer" as defined by § 501.203(7). At all times relevant hereto, Defendant has engaged in "trade or commerce" under § 501.203(8) and is subject to the duties and liabilities imposed under FDUTPA.

38. Pursuant to FLA. STAT. § 501.211(1), anyone aggrieved by a violation of FDUTPA may bring an action to obtain a declaratory judgment that an act or practice violates FDUTPA and to enjoin such person who has violated, is violating, or is otherwise likely to violate FDUTPA.

39. Pursuant to FLA. STAT. § 501.211(2), any person who has suffered a loss because of a violation of FDUTPA may bring an action for actual damages, attorney's fees, and court costs.

40. Defendant engaged in unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of its trade and commerce by:

   (a) charging a fee Defendant labeled "Taxes & Fees", thereby suggesting some portion of the fee was for taxes, when Plaintiff did not owe any tax;

   (b) charging a fee Defendant labeled "Taxes & Fees" when in truth it was a 100% "Processing" fee;

   (c) charging what was ultimately a 100% "Processing" fee, but labeling it a charge for "Taxes & Fees" at the point of sale completion;

   (d) failing to disclose to Plaintiff that the "Taxes & Fees" charge was entirely a "Processing" fee;

   (e) Failing to disclose from Plaintiff that he did not owe any taxes on the purchase of prescription contact lenses;

13

(f) designing the online checkout process to prevent Plaintiff and consumers from seeing that their Order "Subtotal" contained a line-item charge for "Taxes & Fees;"

(f) charging a "Processing" fee that does not relate to the actual operational costs associated with processing the order;

(g) charging an excessive amount for the "Processing" fee, because the amount collected far outweighed the actual costs of processing the order; and

(h) failing to disclose to Plaintiff that the "Processing" fee was excessive and/or did not relate to the actual operational costs associated with processing the order

41. Defendant's unfair and deceptive acts and practices as described herein have caused Plaintiff to suffer actual damages including, but not limited to, payment of the fee at issue at the times set out above.

42. As a direct and proximate result of Defendant's unfair and deceptive acts and practices, Plaintiff has been damaged by Defendant's conduct and is entitled to relief under FDUTPA including, but not limited to, actual damages, an injunction, attorney's fees, and costs.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for all remedies and damages available, including a declaration that Defendant's practices described above are deceptive or unfair trade practices under FDUTPA, actual damages, restitution, injunctive relief preventing Defendant from continuing to violate FDUTPA, interest, and attorney's fees and costs incurred in bringing this action pursuant to FLA. STAT. § 501.201. Plaintiff, on behalf of the putative class, seeks recovery related only to the fees paid and does not seek a refund of the entire purchase price for each purchase transaction.

## COUNT TWO
## BREACH OF CONTRACT

43. Plaintiff adopts and re-alleges all paragraphs in this Complaint as if fully set forth herein.

14

44. To the extent this cause of action contradicts or conflicts with any other claim, it is pled in the alternative.

45. The purchase transactions set out above constitute a valid and binding contract between Plaintiff and Defendant.

46. A material term of the contract required Plaintiff to pay for a line-item charge labeled "Taxes & Fees" in each transaction. Plaintiff paid the charges.

47. Moreover, the purchase contracts imposed an implied term of good faith and fair dealing on Defendant.

48. Defendant breached the aforementioned contract terms by charging Plaintiff for "Taxes & Fees" when Plaintiff did not owe any taxes in the first place, by charging Plaintiff for "Taxes & Fees" when the fee was entirely a "Processing" fee, and by charging a "Processing" fee that was excessive and/or had no relation to the actual costs of processing or servicing the online orders.

49. As a proximate result of Defendant's breach, Plaintiff suffered actual damages by paying the "Taxes & Fees" (known internally by Defendant as "Processing" fees) as set out above.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for all remedies and damages available under the law. Plaintiff, on behalf of the putative class, seeks recovery related only to the fees paid and does not seek a refund of the entire purchase price for each purchase transaction.

## COUNT THREE
## UNJUST ENRICHMENT

50. Plaintiff adopts and re-alleges all paragraphs in this Complaint as if fully set forth herein.

51. To the extent this cause of action contradicts or conflicts with any other claim, it is pled in the alternative.

52. By paying the "Taxes & Fees" (known internally by Defendant as "Processing" fees) as set out above, Plaintiff conferred a benefit on Defendant.

53. Defendant had knowledge of the benefit conferred.

54. Defendant voluntarily accepted and retained the conferred benefit.

55. Because of the deceptive, unfair, and misleading nature of the fees, as set out above, the circumstances are such that it would be inequitable for Defendant to retain the benefit conferred without paying Plaintiff the value of that benefit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands judgment against Defendant for all remedies and relief available under equity, including restitution. Plaintiff, on behalf of the putative class, seeks recovery related only to the fees paid and does not seek a refund of the entire purchase price for each purchase transaction.

## **PRAYER FOR RELIEF**

56. Plaintiff, on behalf of himself and the Class, requests the following relief:

    (a) An order certifying the Class and appointing Plaintiff as the representative for the Class;

    (b) An order certifying the undersigned counsel as Class counsel;

    (c) Restitution for Plaintiff and the Class members of the subject fees paid (This amount includes payments only for "Taxes & Fees" and/or "Processing" fee, and Plaintiff and the putative class do not seek a refund of the entire purchase price for each purchase transaction);

    (d) Judgment for actual damages;

    (e) Pre- and post-judgment interest on the amount recovered;

    (f) Attorney's fees and costs of this action; and

(g) For such other and further relief as may be just and proper, including but not limited to a preliminary and/or permanent order enjoining Defendant from engaging in the unlawful and unfair acts and practices described herein.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS.**

s/ J. Matthew Stephens
J. Matthew Stephens
Florida Bar No. 0688649
**METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.**
2201 Arlington Avenue South
Birmingham, Alabama 35205
Telephone: (205) 939-0199
Facsimile: (205) 939-0399
Email: mstephens@mtattorneys.com

*Attorney for Plaintiff and Putative Class*

Matthew Herman, Esq.
**MEYERS & FLOWERS, LLC**
3 N. 2nd Street, Suite 300
St. Charles, IL 60174
mh@meyers-flowers.com
(630) 232-6333 Voice
(630-845-8982) Facsimile

*Pending Pro Hac Vice Admission*

**LENS.COM, INC. MAY BE SERVED AT THE FOLLOWING ADDRESS:**

Lens.com, Inc.
c/o Nevada Corporate Headquarters, Inc.
4730 S. Fort Apache Rd, Suite 300
Las Vegas, NV 89147-7947