**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 0:24-cv-60489-LEIBOWITZ/AUGUSTIN-BIRCH**

**RICKEY MARTIN,**

      *Plaintiff,*

*v.*

**LENS.COM, INC.,**

      *Defendant.*

_____/

<u>**ORDER ADOPTING REPORT AND RECOMMENDATION**</u>

**THIS CAUSE** is before the Court upon the Report and Recommendation by United States Magistrate Judge Panayotta Augustin-Birch [ECF No. 112] (the "R&R"), filed on February 17, 2026, recommending Defendant's Motion to Strike Plaintiff's Untimely Disclosed Expert Witness for Class Certification [ECF No. 108] ("the Motion") be DENIED.  [ECF No. 112 at 1, 3].  The undersigned previously referred the Motion to U.S. Magistrate Judge Augustin-Birch for a report and recommendation consistent with 28 U.S.C. § 636(b)(1)(B), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of the Local Magistrate Judge Rules.  [ECF No. 110].  Defendant timely objected to the R&R [ECF No. 117].  Upon due consideration of the Motion, the R&R, the parties' papers, the relevant portions of the record, and the governing law, the Court's *de novo* review finds no error.  Accordingly, the Report and Recommendation [ECF No. 112] is ADOPTED AND AFFIRMED for the reasons given below.

**I.      STANDARD OF REVIEW**

In reviewing a Report and Recommendation, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  "Parties filing objections to a magistrate's report

and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" to accept the recommendation. Fed. R. Civ. P. 72 advisory committee's note to 1983 amendment, subdivision (b).

## II.    BACKGROUND

Plaintiff, on behalf of himself and all others similarly situated, filed a class action Complaint against Defendant, alleging Defendant deliberately misleads Florida consumers on its website. [ECF No. 1-1]. Plaintiff asserts Defendant, an online retailer of contact lenses, imposes a "Taxes & Fees" charge on Florida customers, even though the State of Florida exempts prescription contact lenses from a sales tax. [*Id.* ¶ 2]. As such, Plaintiff contends the "Taxes & Fees" charge for Florida customers is solely a "Processing fee," which Plaintiff claims is "excessive and unrelated to the actual costs of processing the purchase order." *Id.* Based on these allegations, Plaintiff sues Defendant for violating Florida's Deceptive and Unfair Trade Practices Act ("FDUPTA"), Fla. Stat. § 501.21, *et seq.* [ECF No. 1-1 at 13–15].[1]

Pertinent to Defendant's Motion to Strike, the Scheduling Order entered for this case required the parties to exchange class certification expert witness summaries by February 21, 2025. [ECF No. 54 at 2]. In the instant Motion, Defendant complains that Plaintiff failed to disclose class certification expert—Stephen Heffner, who opined on how Defendant calculates its "Taxes & Fees" charge—by

---

[1]    Plaintiff also asserted claims against Defendant for breach of contract and unjust enrichment [ECF No. 1-1 at 15–18], which claims were transferred to the District of Nevada under the parties' forum-selection clause. [*See* ECF No. 50].

the court-ordered deadline.  [ECF No. 108 at 4–5].  As a result, Defendant moves the Court (1) to strike Mr. Heffner's report and (2) to preclude Plaintiff from relying on Mr. Heffner's opinions in support of class certification.  [*Id.* at 5–7].

Applying Federal Rules of Civil Procedure 26(a)(2)(D) and 37(c)(1), Judge Augustin-Birch found (1) "Plaintiff's failure to timely disclose Mr. Heffner's opinion for class certification purposes [was] substantially justified [ECF No. 112 at 2]"; (2) "Plaintiff's failure to timely disclose Mr. Heffner's opinions for class certification purposes [was] harmless" [*id.* at 3]; and (3) the undersigned should determine whether Defendant has been prejudiced by not having an opportunity to respond to arguments based on Mr. Heffer's opinions newly raised by Plaintiff in its reply brief in support of class certification [*id.*].

### III.    DISCUSSION

Defendant lodges two objections to the R&R:  (1) the R&R did not address the prejudice caused by Plaintiff's disclosing new expert evidence for the first time in his reply brief in support of class certification [ECF No. 117 at 3–4]; and (2) the R&R erred by not applying Rule 37(c)(1)'s mandatory exclusion standard [*id.* at 5–7].  The Court addresses each objection in turn.

### A.  <u>Objection No. 1:  Overruled. The Court finds no error</u>.

Defendant objects to Judge Augustin-Birch's failure to address the prejudice it suffered by Plaintiff's raising new arguments and evidence for the first time in Plaintiff's reply brief in support of Plaintiff's motion for class certification.  [ECF No. 117 at 3–4 (citing Eleventh Circuit caselaw and S.D. Loc. R. 7.1(c), prohibiting the introduction of new arguments and evidence in a reply brief, the purpose of which is strictly limited to rebutting matters raised in the memorandum in opposition)].  Defendant is correct that Judge Augustin-Birch did not address this issue.  That is because Judge Augustin-Birch's analysis was confined to the referred Motion to Strike in which Defendant sought to have Mr. Heffner's expert opinion excluded as untimely.  [*See* ECF Nos. 108, 110].  Judge Augustin-

3

Birch expressly stated that Defendant's prejudice argument "[was] not before the Court" and reserved to the undersigned the determination of whether Defendant should be allowed an opportunity to respond to Plaintiff's reply brief. [*See* ECF No. 112 at 3]. To date, Defendant has not moved for leave to file a sur-reply. So even though Defendant complains it was not afforded an opportunity to respond to Plaintiff's reply, Defendant never sought such opportunity. At this late date, the ship has sailed. Plaintiff's reply brief was filed on January 9, 2026—sixty-six (66) days ago. Rather than seek court permission to respond to the "new evidence and argument," Defendant moved to strike Mr. Hefner's report altogether. Accordingly, Defendant waived this objection by not seeking leave to file a sur-reply. That said, Defendant may still seek leave to file a sur-reply out of time, which the Court may consider prior to scheduling a hearing on Plaintiff's motion for class certification. Accordingly, Objection No. 1 is OVERRULED.

**Objection No. 2:  Overruled.  The Court finds no error**.

Defendant objects to Judge Augustin-Birch's recommendation to deny its Motion to Strike on the grounds that exclusion of Mr. Heffner's untimely report was mandatory under Rule 37(c)(1). [ECF No. 117]. Defendant challenges the R&R's finding that Plaintiff's failure to timely disclose Mr. Heffner's opinion was substantially justified and harmless. [ECF No. 117 at 5–7]. Defendant complains that—even though Defendant's pricing algorithm (upon which Mr. Heffner opines) was not disclosed to Plaintiff until after the deadline for disclosing experts—Plaintiff waited until *after* Defendant had filed its opposition memorandum (two-and-a-half months after receiving Defendant's algorithm) and *after* class discovery had closed to make the disclosure. [*Id.* at 5–7]. Relatedly, Defendant challenges the R&R's suggestion that Defendant would not need any additional discovery with respect to its own algorithm, because Defendant was deprived of the opportunity to depose Mr. Hefner after class discovery closed. [*Id.* at 6–7].

In support of this objection, Defendant cites *Roberts v. Scott Fitzer Co.,* No. 4:07-cv-80 CDL,

2010 WL 3546499 (M.D. Ga. Sept. 7, 2010) (striking expert disclosed after discovery cutoff and holding: "That Defendant waited to fully develop its strategy until after discovery had expired does not amount to substantial justification when it easily could have developed the information within the discovery period and timely disclosed the information, as required by the Federal Rules of Civil Procedure and the Court's scheduling orders."). In that case, however, the district court struck Defendant's untimely expert report based on its finding that the late disclosure was neither substantially justified nor harmless. *Id.* at *7–*9.

As far as the Court can see, Plaintiff cites Mr. Heffner's 3 1/4 page "report" dated January 5, 2026, only once in footnote 3 of Plaintiff's reply brief. [*See* ECF No. 104 at 6 n.3]. That footnote reads *in toto*: "*See* (Report of Coding Expert Stephen Heffner, attached as Ex. 16) (analyzing the software code/pricing algorithm and concluding the "Taxes and Fees" amount is based on competitors' prices and does not ingest order-specific tax or processing cost fields). Footnote 3 is associated with the following text from the body of Plaintiff's reply brief:

> Class certification does not require a merits verdict, a consumer survey, or a price-comparison study. It requires a showing that common questions will be answered with common proof. That proof is shown by: the source code (which is a pricing markup that dynamically sets the amount as part of pricing, not cost recovery [footnote 3]….)

[ECF No. 104 at 6]. So, Plaintiff has not put forward Mr. Heffner's opinion to support its motion for class certification. Instead, Plaintiff contrasts the type of evidence required at class certification against the type of evidence required to establish liability (*e.g.*, Mr. Heffner's opinion). The Court therefore does not have Mr. Heffner's opinion before it as it resolves Plaintiff's motion for class certification. Further, after reviewing Mr. Heffner's report, the Court sees no value in considering it at class certification.

The Eleventh Circuit has at times looked to the importance of the witness as one factor in determining whether to exclude a previously undisclosed witness. *See, e.g., Cooley v. Great S. Wood*

*Preserving,* 138 F. App'x 149, 161 (11th Cir. 2005) (per curiam) (quoting *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.,* 389 F.3d 1339, 1353 (11th Cir. 2004) ("In reviewing for abuse of discretion a court's exclusion of a non-disclosed witness, we consider '(1) the importance of the testimony, (2) the reasons for the appellant's failure to disclose the witness earlier, and (3) the prejudice to the opposing party if the witness had been allowed to testify.'")).  Applying these considerations here, the undersigned finds Mr. Heffner's opinion has no importance at class certification.  Thus, Plaintiff's failure to disclose the report by the class expert deadline and his reasons for the delay are of no consequence.  Finally, Defendant cannot be prejudiced by a footnote citation to evidence that the Court will not consider to resolve the class certification issue.  Accordingly, Judge Augustin-Birch did not err.  Defendant's Objection No. 2 is OVERRULED.

In sum, the Court's *de novo* review of the R&R, Defendant's Motion, the parties' papers, relevant portions of the record, and the applicable rules, finds no error.

### IV.    CONCLUSION

For these reasons, it is hereby **ORDERED AND ADJUDGED** that:

1.    The Magistrate Judge's Report and Recommendation [ECF No. 112] is **AFFIRMED** and **ADOPTED** and fully incorporated herein.

2.    Defendant's Motion To Strike [**ECF No. 108**] is **DENIED.**

**DONE AND ORDERED** in the Southern District of Florida on March 17, 2026.

DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:    counsel of record

6